[Cite as *Dickerson v. Cuyahoga Metro. Hous. Auth.*, 2012-Ohio-4286.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97961**

---

# J'LEXXYS DICKERSON, ET AL.

PLAINTIFFS-APPELLEES

vs.

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-705527

**BEFORE:** Rocco, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEYS FOR APPELLANT**

Timothy A. Marcovy
Michael S. Lewis
Aubrey B. Willacy
Willacy, Lopresti & Marcovy
330 Western Reserve Building
1468 West Ninth Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

Robert F. Dicello
Mark A. Dicello
The Dicello Law Firm
7556 Mentor Avenue
Mentor, Ohio 44060

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant the Cuyahoga Metropolitan Housing Authority ("CMHA") appeals the trial court's order that granted a Civ.R. 60(B) motion for relief from judgment filed by plaintiffs-appellees J'Lexxys Dickerson and her parents, thus vacating an earlier order that granted summary judgment in favor of CMHA on appellees' claims.

{¶2} CMHA presents three interrelated assignments of error. CMHA argues that the trial court both abused its discretion in granting, and lacked jurisdiction to grant, appellees' motion. Upon a review of the record, this court disagrees. The trial court's order, consequently, is affirmed.

{¶3} The underlying facts of this case previously were set forth in *Dickerson v. Cleveland Metro. Housing Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437 ("*Dickerson I*"). In pertinent part, this court stated as follows:

> In September 2009, plaintiffs-appellees, J'Lexxys Dickerson, et al. ("Dickerson"), filed suit against CMHA. Dickerson alleges that CMHA was guilty of negligent, willful, wanton, and/or reckless misconduct in failing to maintain its premises, and failing to warn occupants of known and/or hidden dangers, pitfalls, obstructions, or defects on its premises, resulting in the injury suffered by Dickerson, a minor child. This claim stems from a laundry pole that fell and injured the child's hand. In addition, Dickerson's parents are parties to the suit, claiming loss of consortium and financial loss.

> On March 7, 2011, CMHA filed a motion for leave to file a motion for summary judgment instanter, with its motion for summary judgment attached. The motion for leave was granted, and the motion for summary judgment was accepted as filed on March 7, 2011. More than 30 days later, on April 18, 2011, Dickerson filed a motion to extend

the time to respond to CMHA's motion for summary judgment pursuant to Civ.R. 56(F). *On April 19, 2011, the trial court granted summary judgment for CMHA. On April 20, 2011, the court denied Dickerson's motion to extend time to respond. On April 21, 2011, the court sua sponte vacated its order granting summary judgment in favor of CMHA,* without any explanation.

CMHA now appeals, raising three assignments of error.

In its first assignment of error, CMHA argues that the trial court erred when it sua sponte vacated its prior entry of summary judgment in favor of CMHA. Dickerson argues that the trial court properly vacated the order granting summary judgment pursuant to Civ.R. 60(A) or, in the alternative, properly vacated the order because it was void.

The authority to vacate its own void judgment constitutes an inherent power possessed by Ohio courts. * * *

However, as a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. * * * Since the adoption of the Civil Rules, * * * Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment.

* * *

In the instant case, Dickerson failed to respond to CMHA's motion for summary judgment within the 30 days allowed under Loc.R. 11. Dickerson failed to reply despite having been specifically alerted to the 30-day deadline in the court's journal entry in which the court accepted CMHA's motion for summary judgment. The entry specified that Dickerson's response must be filed in accordance with Loc.R. 11. Moreover, in addition to failing to timely oppose summary judgment, Dickerson also failed to timely file a motion seeking more time.

Dickerson defends her lack of response, claiming that the trial court granted her an extension, pursuant to Civ.R. 56(F), during a March 22, 2011 phone conference. However, despite three separate *entries for March 22 [, 2011] on the docket regarding scheduling a pretrial and trial date, there is no mention on the docket of any extension granted to Dickerson* or any earlier request for an extension. It is well-settled that a court speaks through its journal entries.

* * *

* * * [W]e find that the trial court erred in sua sponte vacating its order granting summary judgment. Having granted the motion for summary judgment and subsequently denying the motion to extend time pursuant to Civ.R. 56(F), the trial court lacked

jurisdiction to vacate the order granting summary judgment. Moreover, we find no evidence in the record to establish that the court's entry granting summary judgment is void or that it was subject to a Civ.R. 60(B) motion prior to the trial court's vacating the summary judgment. Thus, the trial court had no authority to sua sponte vacate a final judgment. Accordingly, CMHA's first assignment of error is sustained.

Having sustained the first assignment of error, we need not address the remaining two assignments of error because they are now moot.

Judgment reversed and case remanded to reinstate the final judgment granting summary judgment for CMHA. *Id.*, at ¶ 2-22 [Footnotes and citations omitted; emphasis added.]

{¶4} This case returned to the trial court in December 2011. On December 23, 2011, appellees filed a Civ.R. 60(B) motion for relief from the final order of summary judgment in CMHA's favor. Appellees argued that, based upon the court's indication that it entered the order by mistake, they relied on the trial court's authority to vacate that order. Appellees further argued they had a meritorious claim to pursue against CMHA.

{¶5} Appellees supported their motion by attaching the affidavit of their attorney. In relevant part, appellees' attorney's averments included the following.

(1) CMHA's motion for summary judgment had relied upon evidence not previously disclosed to appellees, to wit: the affidavit of a non-divulged insurance adjuster and the location of "the *metal pole that amputated the left hand of the then 5 year old minor plaintiff*." (Emphasis added.)

(2) Appellees' attorney had not had the opportunity to engage in new discovery related to the foregoing matters.

(3) The trial court conducted a telephone conference on March 22, 2011, with both

CMHA's counsel and appellees' counsel, directed that counsel complete discovery, and stated that it would schedule another pretrial hearing for May 25, 2011; a portion of the discussion, however, was not set forth in the March 22, 2011 journal entry.

(4) Despite the telephone conference, CMHA's counsel wrote a letter to the court dated April 14, 2011, seeking a ruling on his client's motion for summary judgment.

(5) Although appellees filed a Civ.R. 56(F) motion on April 18, 2011, the trial court issued an order on April 19, 2011, that granted CMHA's motion for summary judgment.

(6) The trial court judge realized on April 20, 2011, that the order granting CMHA summary judgment was entered in error and attempted to reverse the order, but, pursuant to the decision in *Dickerson I*, the court could not sua sponte do so; therefore, Civ.R. 60(B) relief was appropriate.

{¶6} CMHA filed a brief in opposition to appellees' Civ.R. 60(B) motion. CMHA argued that appellees' motion should be denied for several reasons, viz., (1) appellees' motion was an improper substitute for their failure to appeal from the order reviewed in *Dickerson I*; (2) the argument appellees raised in their motion about "mistake" was barred by the doctrine of the law of the case; (3) appellees failed to demonstrate Civ.R. 60(B)(1) "excusable neglect" because they did not comply with the trial court's journal entry regarding the discovery deadline; and, (4) because *Dickerson I* reversed the trial court's April 21, 2011 order that vacated the previous summary judgment in CMHA's favor, appellees' arguments relating to the reasons the trial court issued that order were "moot."

{¶7} CMHA attached the affidavit of its attorney to its brief. For the most part, the averments of CMHA's attorney did not directly address the merits of appellees' motion.

{¶8} On February 10, 2012, the trial court issued an opinion and order that granted appellees' Civ.R. 60(B) motion. The trial court stated it had made three mistakes that led appellees' counsel to rely on the propriety of the April 20, 2011 order, which was the order from which CMHA appealed in *Dickerson I.* First, the trial court failed to journalize its March 22, 2011 decision to allow appellees additional time to conduct discovery. Second, the trial court erroneously entered an order denying appellees' Civ.R. 56(F) request for additional time to respond to CMHA's motion for summary judgment. Third, on April 19, 2011, the trial court inappropriately entered an order that granted summary judgment to CMHA. Based upon the foregoing, the trial court determined that appellees were entitled to relief pursuant to Civ.R. 60(B)(1).

{¶9} CMHA appeals from the trial court's decision with three assignments of error that are set forth exactly as they appear in CMHA's appellate brief.

"I.    The trial court erred, to the prejudice of Appellant, Cuyahoga Metropolitan Housing Authority When it granted Plaintiffs-Appellees' Motion to vacate its order of April 19, 2011.

"II.    The trial court erred, to the prejudice of Appellant, Cuyahoga Metropolitan Housing Authority when it granted Plaintiffs-Appellees' Motion to Vacate its Order of March 22, 2011.

"**III.    The trial court erred, to the prejudice of Appellant, Cuyahoga Metropolitan Housing Authority when it granted Plaintiffs-Appellees' Motion to Vacate its Order of April 21 [sic], 2011.**"

{¶10} Because CMHA's arguments with respect to these assignments of error are interrelated in its appellate brief,[1] this court will address them together.

{¶11} CMHA essentially argues that the trial court's decision to grant appellees relief from the final judgment in CMHA's favor was improper for the following reasons: (1) appellees used their motion as a substitute for a timely appeal of the April 19, 2011 order, (2) appellees did not sustain their Civ.R. 60(B) burden, and (3) the trial court lacked authority to vacate orders that this court reviewed in *Dickerson I*.   On the facts of this case, this court disagrees.

{¶12} Civ.R. 60 states in relevant part:

> **(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.**
>
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * .   The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.   A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶13} A trial court's decision to grant or deny a motion for relief from judgment

---

[1]In fact, CMHA's appellate brief contains a hodgepodge of arguments with respect to the assignments of error and thus barely conforms with the requirements of App.R. 16(A)(3), (4), and (7).

pursuant to Civ.R. 60(B) lies within its sound discretion of the trial court, thus, the decision will not be disturbed absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). When applying this standard, the appellate court may not substitute its judgment for that of the trial court. *Id.*

{¶14} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Because the requirements of Civ.R. 60(B) are stated in the conjunctive, if one of the requirements is not met, relief from judgment cannot be granted. *Strack*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶15} CMHA argues that appellees failed to satisfy the first two prongs, and that they simply used their motion as a substitute for a timely appeal from the April 19, 2011

order of summary judgment.[2]   Citing, among other authority, this court's decision in *Roe v. Cleveland*, 8th Dist. No. 69248, 1996 Ohio App. LEXIS 397 (Feb. 8,1996), CMHA contends that the *trial court's* mistakes could not serve as a proper basis for a Civ.R. 60(B)(1) motion.

{¶16} More recently than *Roe* in addressing such an argument, this court made the following observations in *Blatt v. Meridia Health Sys.*, 8th Dist. No. 89074, 2008-Ohio-1818, ¶ 10-12:

> To the extent that *Blatt* alleged that the trial court made a "mistake" in granting summary judgment, this is not the type of "mistake" contemplated under Civ.R. 60(B)(1): "a motion for relief from judgment cannot be predicated upon the argument that the trial court made *a mistake in rendering its [final] decision * * **."  *Henderson v. Rosewicz*, 8th Dist. No. 80038, 2002-Ohio-1266, citing *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 131, 28 Ohio B. 225, 502 N.E.2d 605; see, also, *Vidovic v. Vidovic*, 8th Dist. No. 81647, 2003-Ohio-1842  ("Civ.R. 60(B) is not a viable means to attack *legal errors made by a trial court*"); *Gold Touch, Inc. v. TJS Lab., Inc.* (1998), 130 Ohio App.3d 106, 110-111, 719 N.E.2d 629 (failure to consider a brief is not the type of mistake contemplated by Civ.R. 60(B)); *Argen v. Union Savings Ass'n* (June 3, 1982), 8th Dist. No. 43887, 1982 Ohio App. LEXIS 12117 (Civ.R. 60(B) motion is *not the proper vehicle for challenging trial court's grant of summary judgment on the basis that genuine issues of material fact exist*). Rather, *the rule is intended to address the mistake or inadvertence of parties or their agents*.  See *Hankinson v. Hankinson*, 7th Dist. No. 03MA7, 2004-Ohio-2480, at P20, citing *May v. Dep't of Hwy. Safety* (June 13, 1995), 10th Dist. No. 94API12-1743, 1995 Ohio App. LEXIS 2470.

Second, *Blatt's* arguments challenging the trial court's grant of summary judgment

---

[2]CMHA further argues specifically, for the first time, that the trial court erred in vacating an award of summary judgment in its favor on appellees' spoliation claim.  Because this argument was not presented in the trial court, this court will not address it.  *Schade v. Carnegie Body Shop*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982).

should have been raised on direct appeal. See, *Fairbanks Capital Corp. v. Richards,* 8th Dist. No. 86173, 2006-Ohio-102, at P5, citing *Kelley v. Lane*, 103 Ohio St.3d 432, 2004-Ohio-5582, at P3, 816 N.E.2d 599. It is well-settled that a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal. *Id.*; *Wilson v. Wilson*, 8th Dist. No. 86817, 2006-Ohio-4261, at P22; *Smith v. Bd. of Health* (June 28, 1993), 4th Dist. No. 92CA-2095, 1993 Ohio App. LEXIS 3467. Here, *rather than filing a direct appeal from the trial court's final judgment granting summary judgment, Blatt erroneously seeks review of the trial court's judgment through her Civ.R. 60(B) motion*, which does not allow for such relief. *Doe*, 28 Ohio St.3d at 131; *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686, 433 N.E.2d 612.

Thus, because *Blatt's* motion for relief from judgment *solely challenged the trial court's reasoning and alleged legal errors—issues which should have been raised on a direct appeal—and because it failed to satisfy any of the grounds for relief under Civ.R. 60(B)(1)-(5)*, we cannot say that the trial court abused its discretion in denying the motion. (Emphasis added.)

{¶17} The situation presented in this case, however, is different. In their Civ.R. 60(B)(1) motion seeking relief from the April 19, 2011 order of summary judgment in CMHA's favor, appellees were not actually challenging any "legal or factual" mistakes the trial court made in entering the April 19, 2011 order. *Culgan v. Miller*, 9th Dist. No. 10CA0074-M, 2011-Ohio-6194. Nor were they seeking review of the trial court's legal reasoning for the order granting summary judgment to CMHA. *Henderson v. Rosewicz*, 8th Dist. No. 80038, 2002-Ohio-1266.

{¶18} Instead, appellees' attorney explained his reasons for relying upon the *validity of the trial court's April 21, 2011 decision* to vacate the order of April 19, 2011. This distinction is important. In *Dickerson I*, the appellees defended the trial court's April 21, 2011 order, arguing that the trial court's April 19, 2011 order was either "a blunder in execution" or void rather than a legitimate final order. *Id.*, ¶ 5. This court's decision to the contrary required twenty-one paragraphs of explanation. *Id.*

{¶19} Appellees' counsel's affidavit demonstrated that his defense of the trial court's void order of April 21, 2011 constituted "excusable neglect" that justified relief from the April 19, 2011 order. *Hiener v. Moretti*, 11th Dist. No. 2009-A-0001, 2009-Ohio-5060 (trial court properly granted relief from default judgment erroneously entered after party "appeared" in the action); *compare Jones v. Gayhart*, 2d Dist. No. 21838, 2007-Ohio-3292 (no excusable neglect when appellants' attorney missed a filing deadline). Therefore, counsel's affidavit demonstrated that appellees' Civ.R. 60(B)(1) motion was not being used as a substitute for a timely appeal from the order of summary judgment in CMHA's favor.

{¶20} Counsel's affidavit also demonstrated that appellees had a meritorious claim to pursue against CMHA. *Moore v. Emmanuel Fam. Training Ctr.*, 18 Ohio St.3d 64, 479 N.E.2d 879 (1985). As the Supreme Court noted in *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980):

> In our view, the concept of "excusable neglect" must be construed in keeping with the proposition that Civ. R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ. R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851, quoted in *Doddridge v. Fitzpatrick* (1978), 53 Ohio St. 2d 9, 12.

{¶21} Under the circumstances presented in this case, therefore, the trial court did not abuse its discretion in granting appellees' motion for relief from the April 19, 2011 order granting summary judgment in CMHA's favor.

{¶22} CMHA further argues that, pursuant to the "law of the case" doctrine, this

court's decision in *Dickerson I* precluded the trial court from disturbing any of its previous orders. This argument is rejected.

{¶23} *Dickerson I* determined that the trial court lacked authority to sua sponte reverse a final order; thus, the order of summary judgment in CMHA's favor was "reinstated." This court further indicated to the trial court, however, that a properly presented Civ.R. 60(B) motion bestowed authority on the trial court to correct a "substantive" error. *Id.*, ¶ 11.

{¶24} Because appellees' Civ.R. 60(B)(1) motion invoked the trial court's jurisdiction to review its final order, as impliedly permitted by the decision in *Dickerson I*, the law of the case doctrine is inapplicable. *Ford Motor Credit Co. v. Cunningham*, 2d Dist. No. 20341, 2004-Ohio-6226.

{¶25} CMHA's assignments of error are overruled.

{¶26} The trial court's opinion and order granting relief to appellees from the order of summary judgment in CMHA's favor is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR