[Cite as *Dickerson v. Cuyahoga Metro. Hous. Auth.*, 2014-Ohio-4672.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 100650 and 100943**

---

# J'LEXXYS DICKERSON, ETC., ET AL.

PLAINTIFFS-APPELLEES

vs.

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED IN PART;
REVERSED IN PART; REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-705527

**BEFORE:** S. Gallagher, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEYS FOR APPELLANTS**

Timothy A. Marcovy
Michael S. Lewis
Aubrey B. Willacy
Willacy, LoPresti & Marcovy
330 Western Reserve Building
1468 West Ninth Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEES**

Mark A. DiCello
Robert F. DiCello
Mark Abramowitz
The DiCello Law Firm
7556 Mentor Avenue
Mentor, OH    44060

SEAN C. GALLAGHER, J.:

**{¶1}** In this consolidated appeal, defendant-appellant the Cuyahoga Metropolitan Housing Authority ("CMHA") appeals the trial court's order that denied its motion for summary judgment, which raised the defense of governmental immunity. CMHA further challenges the trial court's decision that denied its Civ.R. 60(B) motion to vacate. For the reasons stated herein, we reverse the trial court's denial of summary judgment as to Count 2 of the complaint only; we otherwise affirm both rulings and remand the case to the trial court.

**{¶2}** Initially, we address this court's jurisdiction on appeal. Ordinarily, an order denying a motion for summary judgment is not a final and appealable order within the scope of Civ.R. 60(B); rather, it is an interlocutory order. However, an order denying a political subdivision the benefit of an alleged immunity from liability is expressly deemed a "final order" under R.C. 2744.02(C), and is thus immediately appealable. *See Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 12-13. Arguably, such an order also constitutes a "final order" within the meaning of Civ.R. 60(B). Therefore, this court shall exercise jurisdiction over both orders challenged in this consolidated appeal.

**{¶3}** Plaintiffs-appellees J'Lexxys Dickerson ("J.D.") and her parents, Jeanette Smith and Johnny Dickerson, filed a complaint on September 30, 2009, alleging that J.D. had been injured on CMHA property when a laundry pole fell on her hand, causing traumatic amputation injuries. Among other allegations, appellees asserted that CMHA

failed to exercise ordinary care in maintaining its property in a reasonably safe condition, knowingly allowed an unsafe condition to exist on its property, and failed to warn of known dangers or hidden dangers of which it had actual or constructive knowledge. Appellees further claimed that the conduct of CMHA amounted to negligence and/or willful, wanton, or reckless misconduct.

{¶4} Earlier proceedings in the matter resulted in two prior appeals to this court. *See Dickerson v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437 ("*Dickerson* I") (finding the trial court lacked jurisdiction to sua sponte vacate its order granting summary judgment in favor of CMHA); *Dickerson v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 97961, 2012-Ohio-4286 ("*Dickerson* II") (affirmed order granting Civ.R. 60(B) motion for relief from order of summary judgment in CMHA's favor). Following these appeals, a motion for summary judgment filed by CMHA was pending in the trial court.

{¶5} The trial court issued an order on May 31, 2013, that granted an extension of time and set a deadline of October 15, 2013, for appellees to file their opposition to CMHA's motion for summary judgment. The order also set a deadline of October 30, 2013, for the filing of a reply brief. Appellees filed their opposition brief on October 15, 2013. Prior to the deadline for the reply brief, the trial court issued an order denying CMHA's motion for summary judgment.

{¶6} Thereafter, CMHA filed a Civ.R. 60(B) motion for relief from judgment with its reply brief attached, and its motions to strike evidence submitted in opposition to

motion for summary judgment. CMHA also filed a notice of appeal from the trial court's denial of its motion for summary judgment. This court remanded the case for the trial court to rule on the Civ.R. 60(B) motion. The trial court denied that motion, and CMHA appealed the ruling. Both appeals were consolidated for review.

**{¶7}** CMHA raises five assignments of error for our review. Its first three assignments of error all challenge the trial court's decision to deny CMHA's motion for summary judgment. CMHA argues that appellees failed to establish a claim for negligence, that the evidence submitted by appellees in opposing the motion could not be considered, and that CMHA was not afforded the court-ordered and rule-mandated time for filing its reply brief and motions to strike.

**{¶8}** Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party." *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, 991 N.E.2d 232, ¶ 7.

**{¶9}** Determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. First, R.C. 2744.02(A)(1) sets forth the general grant of immunity that protects political subdivisions from liability incurred in connection with a governmental

or proprietary function.   *See id.* at ¶ 7.   Second, the immunity is subject to the five exceptions listed in R.C. 2744.02(B).   *Id.* at ¶ 8.   Third, if any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then immunity can be reinstated if the political subdivision can show that one of the defenses contained in R.C. 2744.03 applies.   *Id.* at ¶ 9.

{¶10} In the case at bar, the parties do not dispute that CMHA is entitled to the general grant of immunity under R.C. 2744.02(A)(1).   Indeed, CMHA is a political subdivision, and the operation of a public housing authority is a governmental function. *See Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 19.

{¶11} The dispute focuses on whether the statutory exception to immunity under R.C. 2744.02(B)(4) applies.   R.C. 2744.02(B)(4) provides as follows:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is *caused by the negligence of* their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *.

(Emphasis added.)   Because a unit of public housing is a building "used in connection with the performance of a governmental function" within the meaning of R.C. 2744.01(B)(4), CMHA is liable if the injuries to J.D. were (1) caused by the negligence of

its employees, and (2) due to physical defects occurring within or on the grounds of the property.

{¶12} The record reflects sufficient facts to establish that J.D.'s injuries occurred on the grounds of CMHA property and resulted from a physical defect thereon. However, CMHA claims there is a lack of evidence to demonstrate negligence.

{¶13} To establish a negligence claim, appellees had to go forward with evidence showing that CMHA owed her a duty of care, that CMHA breached that duty, and that her injuries were proximately caused by the breach. *See Wallace v. Ohio DOC*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. The existence of a duty depends upon the foreseeability of the injury. *Id*. at ¶ 23. "[W]here negligence revolves around the question of the existence of a hazard or defect, notice, either actual or constructive[,] of such hazard or defect is a prerequisite to the duty of reasonable care." *Heckert v. Patrick*, 15 Ohio St.3d 402, 405, 473 N.E.2d 1204 (1984).

{¶14} In this case, CMHA claims that a duty never arose because there is a lack of evidence showing it had any actual or constructive knowledge of a hazardous or defective condition with the laundry pole that fell on J.D. Our review reflects otherwise.

{¶15} Appellees presented evidence showing that the laundry poles existed on CMHA grounds for over 50 years, that the poles were leaning, rusting, and wobbling prior to this incident, and that CMHA had a lack of inspection or maintenance procedures regarding the laundry poles. J.D.'s mother testified that prior to the incident she had observed the poles leaning. She indicated that the one that fell on J.D. would wobble

when someone would lean or swing on it. Photographs taken of the poles that were provided by appellees to their trial counsel depicted laundry poles that appeared rusty. Janet Allen, who was a property manager for Garden Valley, testified that annual inspections were performed on the property. However, there were no rules or procedures in place for maintaining the laundry poles. Allen indicated that the pole that fell on J.D. was rusted at the base where it had broken. Wanda Stevenson, a resident at Garden Valley, averred in her affidavit that she made a complaint to CMHA maintenance men about the poles. Appellees also submitted the report of their expert, Roch J. Shipley, Ph.D., FASM, P.E. Shipley stated in his report that he inspected the pole that fell on J.D. and found corrosion at the base that had thinned the wall where it entered the concrete foundation, thereby weakening the pole. He found that the degree of corrosion appeared consistent with carbon steel in contact with water over portions of 50 years. He further indicated that the physical evidence was consistent with the testimony of J.D.'s mother regarding the pole wobbling. He opined that it was foreseeable that the pole would corrode at the base, eventually fail, and cause injuries to those nearby.

{¶16} We find there is a genuine issue of fact as to whether CMHA had actual or constructive knowledge of the condition of the pole or was negligent in failing to detect its dangerous condition. Further, upon the circumstances presented, a jury could find it reasonably foreseeable that CMHA's failure to maintain or inspect the laundry poles for an extended period of time could result in injury to children who frequently played in the area.

{¶17} CMHA further contends that evidence submitted by appellees was not proper under Civ.R. 56 and that it filed a motion to strike the evidence. We recognize that the trial court ruled on appellant's motion for summary judgment prior to the time it set for filing a reply brief, and that the motions to strike and the reply brief were filed after the court's ruling. However, we find any error in this regard was harmless.

{¶18} First, CMHA contends that appellees were precluded from filing evidence in opposition to its motion for summary judgment because they did not respond to CMHA's discovery requests as required under a February 9, 2011 order. Although the trial court initially denied appellees' motion for extension of time to conduct discovery under Civ.R. 56(F) and granted a motion for summary judgment filed by CMHA, it later afforded appellees' Civ.R. 60 relief from judgment. The trial court eventually granted appellees' motion for extension of time and set a deadline for the filing of the opposition brief. It is apparent to this court that appellees were given additional time to conduct discovery and respond to CMHA's motion for summary judgment with supporting evidence.

{¶19} Second, CMHA argues that certain evidence was subject to exclusion because it was not proper evidence under Civ.R. 56. CMHA claims the photographs attached to the affidavit of plaintiffs' counsel were not properly authenticated, plaintiffs' expert report was not authenticated, there were hearsay statements in the affidavit of J.D.'s mother, and Stevenson's affidavit should have been disregarded. However, even if this evidence were excluded from consideration, the deposition testimony of J.D.'s mother and CMHA's property manager were sufficient to create genuine issues of

material fact concerning CMHA's knowledge of the hazardous or defective condition of the poles, the forseeability of the injury, and whether CMHA failed to exercise ordinary care in maintaining its property in a reasonably safe condition. A political subdivision may be charged with constructive notice where it appears that the defect or condition existed in such a manner as it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that it would have created a reasonable apprehension of a potential danger if it had been discovered. *Fedarko v. Cleveland*, 8th Dist. Cuyahoga No. 100223, 2014-Ohio-2531, ¶ 31, citing *Tyler v. Cleveland*, 129 Ohio App.3d 441, 717 N.E.2d 1175 (8th Dist.1998) (finding a genuine issue of fact as to whether city had constructive notice of hazardous manhole cover where evidence showed the cover had become worn and the condition did not develop in a short period of time).

{¶20} In *Mathews v. Waverly*, 4th Dist. Pike No. 08CA787, 2010-Ohio-347, the court found that the city of Waverly was not entitled to immunity where a limb from an unmaintained tree, which qualified as a physical defect, fell and injured a woman who was standing in a parking lot of a city-owned park. The woman and her husband alleged that the city had failed to maintain the premises in a reasonably safe condition and that the city's employee was negligent in failing to detect the alleged danger that the tree posed. *Id*. at ¶ 47-48. Likewise, in *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833 (1st Dist.), the court found that a park district had not shown entitlement to immunity where a 12-year-old boy was struck and injured by an unmaintained tree limb on a golf

course. *See also Johnson v. Ashtabula Cty. Joint Vocational School*, 11th Dist. Ashtabula No. 2010-A-0003, 2010-Ohio-3054, ¶ 31 (recognizing a failure to maintain over an extended period of time can be negligence). Accordingly, we find the trial court properly denied summary judgment for CMHA because genuine issues of material fact existed as to whether CMHA was negligent.

{¶21} Although the R.C. 2744.02(B)(4) exception in this matter applies to the negligence claim asserted under Count 1 of the complaint, we also must address appellees' claim for a violation of R.C. 4101.11.[1] Count 2 asserts a claim under the frequenter statute, R.C. 4101.11. However, because R.C. 4101.11 does not expressly establish liability, the statute cannot create an exception to immunity under R.C. 2744.02(B)(5). *See Magda v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 92570, 2009-Ohio-6219, ¶ 15, citing *Coolidge v. Riegle*, 3d Dist. Hancock No. 5-02-59, 2004-Ohio-347, ¶ 25. Therefore, we reverse the trial court's ruling in this regard and find summary judgment should be granted in favor of CMHA on Count 2 of the complaint.

{¶22} Finally, CMHA's fourth and fifth assignments of error challenge the trial court's denial of its Civ.R. 60(B) motion for relief from judgment. Assuming this was a proper method to challenge a denial of motion for summary judgment that claimed immunity, we are unable to conclude the trial court abused its discretion in denying the

---

[1] We note that appellees dismissed Count 3 of their complaint, which asserted a claim for spoliation.

Civ.R. 60(B) motion. As we have already found, any error by the court in ruling on CMHA's motion and not permitting appellants the opportunity to file a reply was harmless error.

{¶23} Accordingly, we reverse the denial of summary judgment on Count 2 only; we otherwise affirm the appealed orders.

{¶24} Judgment affirmed in part; reversed in part; case remanded.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR