[Cite as *Wright v. Cuyahoga Metro. Hous. Auth.*, 2025-Ohio-102.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BRENDA WRIGHT,                          :

    Plaintiff-Appellee,        :

                                         No. 114117

    v.                         :

CUYAHOGA METROPOLITAN               :
HOUSING AUTHORITY, ET AL.,

    Defendants-Appellants.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:**  January 16, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-980054

---

### *Appearances:*

Karp Steiger Co., L.P.A., David J. Steiger, and Matthew J. Teeter, *for appellee*.

Wilkerson and Associates Co., LPA, and Ernest L. Wilkerson, Jr., and Kathryn M. Miley, *for appellant*.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant, Cuyahoga Metropolitan Housing Authority ("CMHA"), appeals the trial court's denial of its motion for summary judgment

based on political subdivision immunity.  For the reasons that follow, we affirm the trial court's decision and remand for further proceedings.

## Procedural History

{¶ 2} On May 25, 2023, plaintiff-appellee Brenda Wright ("Ms. Wright") filed a complaint against CMHA, Ohio Department of MEDICAID, and The Hartford. The complaint was previously voluntarily dismissed pending a motion for summary judgment filed by CMHA, in Cuyahoga C.P. No. CV 21-950005.  For purposes of this appeal, the relevant allegations of the complaint are as follows: Ms. Wright is resident–tenant at 12900 Superior Avenue Apartment 418, East Cleveland, Ohio; her apartment is  owned by CMHA; on April 20, 2020, a part of the ceiling in her apartment fell on her; CMHA was negligent in (a) failing to maintain the premises in a safe and habitable condition, (b) failing to properly inspect and make the premises safe for tenants, (c) failing to make appropriate repairs to prevent the incident, and (d) negligently repairing and maintaining the premises; and as a direct and proximate result, Ms. Wilson suffered various injuries that caused her pain, suffering, disability, and loss of enjoyment of life.

{¶ 3} CMHA denied the negligence allegation and asserted a number of affirmative defenses including entitlement to the privileges and immunities provided in R.C. Ch. 2744 et seq.  On February 27, 2024, CMHA filed a motion for summary judgment arguing political subdivision immunity.  The trial court denied its motion. As a result, CMHA appeals and raises the following assignment of error.

## Assignment of Error

The motion for summary judgment was improperly denied as it relates to sovereign immunity.

## Law and Analysis

## Jurisdiction

**{¶ 4}** In its sole assignment of error, CMHA argues that the trial court erred by denying its motion for summary judgment based on political subdivision immunity. As an initial matter, we must address jurisdiction. Typically, an order denying a motion for summary judgment is not a final, appealable order. *Ceasor v. E. Cleveland*, 2018-Ohio-2741, ¶ 13 (8th Dist.), citing *Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 9, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24 (1966). However, R.C. 2744.02(C) provides:

> An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.

**{¶ 5}** While we are authorized to review the trial court's decision, the scope of that review is limited. *Ceasor* at ¶ 14. We may only examine "alleged errors in the portion of the trial court's decision that denied the benefit of immunity." *Id.*, citing *Reinhold v. Univ. Hts.*, 2014-Ohio-1837, ¶ 21 (8th Dist.), citing *Riscatti v. Prime Properties Ltd. Partnership*, 2013-Ohio-4530, ¶ 20.

## Standard of Review

**{¶ 6}** A trial court's decision on a motion for summary judgment is subject to de novo review. *Garmback v. Cleveland*, 2022-Ohio-1490, ¶ 16 (8th Dist.), citing

*Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 33 (8th Dist.). In a de novo review, "we afford no deference to the trial court's decision and independently review the record to determine whether the denial of summary judgment is appropriate." *Id.*, quoting *Johnson* at ¶ 53, citing *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.).

{¶ 7} A court grants summary judgment when "(1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, which is adverse to the nonmoving party." *Ceasor*, 2018-Ohio-2741, ¶ 15 (8th Dist.), citing *Hull v. Sawchyn*, 145 Ohio App.3d 193, 196 (8th Dist. 2001).

{¶ 8} The party requesting summary judgment has the burden of showing that no genuine issues of material fact exist. *Sickles v. Jackson Cty. Hwy. Dept.*, 2011-Ohio-6102, ¶ 12 (4th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). A party meets this burden by citing "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that demonstrate the nonmoving party has no evidence to support their claims. *Id.*, citing Civ.R. 56(C). Once the moving party has met its burden, the nonmoving party must respond with affidavits and/or set forth specific facts as provided in Civ.R. 56 showing there are genuine issues of material fact. *Id.*, quoting Civ.R. 56(E).

**Political Subdivision Immunity**

{¶ 9} Based on the foregoing, we must examine the record to see whether CMHA was entitled to political subdivision immunity, as a matter of law, i.e., that there were no genuine issues of material fact that would prevent CMHA from receiving immunity. CMHA is a metropolitan housing authority as defined in R.C. 3735.31: "A metropolitan housing authority created under sections 3735.27 to 3735.50 of the Revised Code, constitutes a body corporate and politic." *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, ¶ 8. As such, the operation of CMHA is a governmental function under R.C. 2744.01(C)(2). *Id.* at ¶ 19.

{¶ 10} In order to determine whether a political subdivision is entitled to immunity under R.C. Ch. 2744, a three-tiered analysis is used. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). A political subdivision is not liable for "damages in a civil action for injury, death or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or propriety function" except as provided in R.C. 2744.02(B). *Id.*; R.C. 2744.02(A)(1).

{¶ 11} Under the first-tier, a court acknowledges "the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function." *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. However, the political subdivision immunity is not absolute.

{¶ 12} The second-tier has the court establish whether one of the five exceptions to immunity listed in R.C. 2744.02(B) applies, exposing the political

subdivision to liability. *Id.* at ¶ 8. If the political subdivision is not exposed to liability, then the third-tier review is unnecessary. *Silverman v. Cleveland*, 2021-Ohio-688, ¶ 10 (8th Dist.).

{¶ 13} Regarding the third-tier, if one of the exceptions is found to apply and no defense in that section protects the political subdivision from immunity, the court must then determine whether any of the defenses to liability delineated in R.C. 2744.03 apply, thereby reinstating immunity and providing a defense against liability. *Colbert* at ¶ 9.

{¶ 14} Here, the immunity exception under R.C. 2744.02(B)(4) is at issue. R.C. 2744.02(B)(4) provides an exception to the general grant of sovereign immunity given to political subdivisions for injuries or losses "caused by the negligence of their employees and that occurs within or on the grounds of and is due to physical defects within or on the grounds of buildings that are used in connection with the performance of a governmental function." CMHA's public housing is a building used in the performance of a governmental function as described in R.C. 2744.02(B)(4). *Dickerson v. Cuyahoga Metro. Hous. Auth.*, 2014-Ohio-4672, ¶ 11 (8th Dist.). Consequently, CMHA is liable for the injuries of Ms. Wright if (1) its employees' negligence caused the injuries and (2) her injuries resulted from physical defects occurring within or on the grounds of the property. *Id.*

{¶ 15} We must determine whether Ms. Wright established sufficient facts to create a genuine issue of material fact regarding CMHA's negligence, i.e., duty,

breach of that duty, proximate cause of the injury, and injury. *Silverman*, 2021-Ohio-688 at ¶ 15, citing *Leslie v. Cleveland,* 2015-Ohio-1833, ¶ 16 (8th Dist.).

{¶ 16} To show negligence, Wright had to show that CMHA owed her a duty of care. *Dickerson,* 2014-Ohio-4672, ¶ 13. The presence of a duty of care is based upon the foreseeability of the injury. *Id.* "[W]here negligence revolves around the question of the existence of a hazard or defect, notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care." *Id.*, citing *Heckert v. Patrick*, 15 Ohio St.3d 402, 405 (1984).

{¶ 17} Here, Ms. Wright complained multiple times about the leaking and condition of the ceiling. The leaks caused the ceiling to bubble and eventually fall. CMHA's property manager confirmed that she received complaints regarding leaking and the ceiling condition in Ms. Wright's apartment. Nonetheless, CMHA denies liability and argues the injury caused to Ms. Wright was due to the neighbor's actions. But, CMHA fails to demonstrate how the neighbor's actions relieve it of its duty to repair the physical defects in Ms. Wright's ceiling. Ms. Wright has established the immunity exception set forth in R.C. 2744.02(B)(4), thereby exposing CMHA to liability. Consequently, construing the available evidence in favor of Ms. Wright, we agree with the trial court's determination that there remain genuine issues of material fact regarding whether Ms. Wright's injury on CMHA property was caused by the negligence of CMHA's employees and was due to physical defects within or on the grounds of buildings used in connection with the performance of a governmental function.

**{¶ 18}** Since CMHA did not present an argument that its immunity should be reinstated pursuant to R.C. 2744.03, no further analysis is necessary. Accordingly, CMHA's assignment of error is overruled and the trial court's decision is affirmed and the case is remanded for further proceedings.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR