**HULL, Appellant.**

v.

**SAWCHYN, Appellee.**

[Cite as *Hull v. Sawchyn* (2001), 145 Ohio App.3d 193.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78181.

Decided Aug. 10, 2001.

*Peter H. Hull,* City Prosecuting Attorney, for appellant.

*Ivan Sawchyn, pro se.*

---

PATRICIA ANN BLACKMON, Judge.

Appellant Peter H. Hull appeals from the trial court's granting of summary judgment in favor of appellee Ivan Sawchyn. Hull argues that Sawchyn is a vexatious litigator; consequently, Hull's summary judgment motion should have been granted. Hull assigns the following errors for our review:

"I. The trial court committed prejudicial error by converting defendant-appellee's 'motion to dismiss' to a 'motion for summary judgment' and is suing a ruling thereon without notifying plaintiff-appellant of the conversion.

"II. The trial court committed prejudicial error by denying plaintiff-appellant's motion for summary judgment by holding that more than one civil action is required to establish vexatious conduct.

"III. The trial court committed prejudicial error in basing its holding that the defendant-appellee should not be 'saddled' with the label of vexatious litigator because of a case now pending in the Ohio Supreme Court, in which it is claimed that R.C. 2323.52 is unconstitutional."

Having reviewed the record and the legal arguments of the parties, we reverse the judgment of the lower court and enter judgment for Hull. The apposite facts follow.

Hull is the Law Director of Middleburg Heights. Sawchyn resides in, and owns commercial property in, Middleburg Heights. These parties have a history of litigation between them spanning several years and multiple jurisdictions.

Hull brought this present litigation against Sawchyn to end a litigation believed to have been resolved in 1997. In that case, Sawchyn sued Hull, as the Middleburg Heights Law Director, for improperly denying him an occupancy permit for his commercial property in Middleburg Heights. The court ruled that Sawchyn did not raise an actionable claim and that Hull took no action prejudicial to Sawchyn, and entered judgment for Middleburg Heights.

Undeterred, Sawchyn brought three additional suits against Hull, asserting the same complaint. Sawchyn filed the first of these cases during June 1999, again in the Cuyahoga County Court of Common Pleas. Sawchyn voluntarily dismissed his complaint, apologized for his "poor judgment" in bringing the suit, and covenanted not to sue Hull again without first obtaining a notarized affidavit from an attorney or a court stating that the claim is not frivolous. While that suit was pending, Sawchyn sued Hull in Berea Municipal Court. Thereafter, Sawchyn sued Hull again in the Cuyahoga County Court of Common Pleas. In each of these suits, Sawchyn alleged that Hull improperly denied him an occupancy permit for his commercial property in Middleburg Heights. By filing these lawsuits against Hull, Sawchyn repeatedly forced Hull to defend against a moot issue.

Hull then brought this action to declare Sawchyn a vexatious litigator under R.C. 2323.52. Sawchyn counterclaimed, again regarding the denial of an occupancy permit for his commercial property. The court denied Hull's motion for summary judgment on his complaint and granted Hull's motion for summary judgment on Sawchyn's counterclaim. Sawchyn filed dispositive motions on his counterclaim and on Hull's complaint. The trial court converted the dispositive motions to motions for summary judgment, denied the motion on Sawchyn's counterclaim, and granted the motion on Hull's complaint.

On appeal, Hull asserts that Sawchyn's vexatious conduct is so repetitious and without reasonable grounds that Sawchyn epitomizes a vexatious litigator. We address only Hull's second assignment of error because it is dispositive of the remaining issues on appeal.

We review an appeal from summary judgment under a de novo standard of review. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157; *Dupler v. Mansfield Journal Co., Inc.* (1980), 64 Ohio St.2d 116, 18 O.O.3d 354, 413 N.E.2d 1187. We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534; *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 661 N.E.2d 796; *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.* (1999), 86 Ohio St.3d 414, 715 N.E.2d 532; *Temple v. Wean United, Inc.*(1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274. If the movant fails to meet this burden, summary judgment is not appropriate. *Id.* at 293, 662 N.E.2d at 274. If the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.*

Our initial query is whether Hull's allegations and the supporting evidence satisfy his initial burden, as Dresher dictates. Viewing the record most strongly in Sawchyn's favor, we conclude Hull met his burden.

R.C. 2323.52(A)(2) defines "vexatious conduct" as conduct of a party in a civil action that satisfies any of the following:

"(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

"(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(c) The conduct is imposed solely for delay."

R.C. 2323.52(A)(3) defines a "vexatious litigator" as "any person who has habitually,persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. * * *"

In 1997, the Cuyahoga County Court of Common Pleas held that Sawchyn failed to raise any actionable claim against Hull and that Hull took no action detrimental to Sawchyn regarding a requested occupancy permit for Sawchyn's commercial property. In other words, Sawchyn's complaint was not warranted under existing law. This is still the case today. Sawchyn's conduct of suing Hull over the allegedly denied occupancy permit has no basis under existing law. Further, Sawchyn's conduct cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law. We surmise that Sawchyn believes that the court system and its members inflicted a terrible wrong upon him. Subjectively, we think Sawchyn simply seeks justice. Objectively, we know that Sawchyn received justice, it simply was not in his favor. Hull has met his initial burden by showing that no genuine issue of material fact exists and he is entitled to judgment as a matter of law.

The burden now shifts to Sawchyn to demonstrate evidence of a genuine issue of material fact. In countering a motion for summary judgment, Sawchyn must present some evidence that a genuine issue of material facts exists. Sawchyn responded to Hull's motion for summary judgment by repeating moot arguments and alleging system-wide collusion and individual corruption. Sawchyn did not specifically address issues relevant to the alleged vexatious conduct or whether he is a vexatious litigator. Sawchyn makes no relevant argument in opposition to Hull's motion for summary judgment that indicates a genuine issue of material fact exists. Therefore, summary judgment in favor of Hull is appropriate.

R.C. 2323.52 was designed to address situations such as the one at hand. It is patently unfair and unreasonable that any person should be continually forced to defend against, and the court system should be forced to handle, the same unwarranted complaint that cannot be supported by any recognizable good-faith argument.

Although we indicated earlier that the remaining issues are moot, we are compelled to address the trial court's reliance on *Mayer v. Bristow* (Nov. 24, 1999), Crawford App. No. 3–98–29, unreported, 1999 WL 1072699, reversed in part (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, wherein the Ninth District Court of Appeals decision ruled R.C. 2323.52 unconstitutional. At the time of this appeal, *Mayer* was pending before the Ohio Supreme Court. The court recently held

R.C. 2323.52 to be constitutional in its entirety. *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 740 N.E.2d 656. Accordingly, we conclude as a matter of law that Sawchyn is a vexatious litigator and must govern himself according to R.C. 2323.52.

Judgment reversed and judgment entered for Hull.

*Judgment reversed.*

DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., concur.