OPINION
{¶ 1} Plaintiff-appellant, Ivy Featherstone ("appellant") appeals from the judgment of the Franklin County Court of Common Pleas in which that court granted summary judgment in favor of defendant-appellee, City of Columbus ("appellee") and dismissed appellant's claims arising out of appellee's pruning of trees growing on appellant's property.
 {¶ 2} The following facts and procedural history are gleaned from the record. Appellant owns a parcel of real property located at the corner of Hudson Street and Pine Valley Road in Columbus, Ohio. On or about September 10, 2004, employees of the Forestry Section of appellee's Recreation and Parks Department pruned the lower limbs of a blue spruce and three other trees growing on appellant's property. According to John D. Low, appellee's City Forester, the pruning was performed because the forestry crew determined that the limbs were encroaching and hindering traffic on the public sidewalk adjacent to appellant's property.
 {¶ 3} On September 28, 2004, appellant instituted this action seeking damages as a result of appellee's allegedly "unlawful cutting" of appellant's trees. Appellant alleged that appellee's employees cut his trees "maliciously." On June 20, 2005, appellee filed a motion for summary judgment in which it argued that appellant's claims were barred by R.C. 2744.02, which immunizes political subdivisions from liability for damages caused by their performance of governmental functions. By entry journalized on January 9, 2006, the trial court granted the motion and dismissed appellant's claims. Appellant appealed and advances one assignment of error, as follows:
Expressly imposed upon subdivision by a section of the Revised Code 912.03 Traffic Obstructions ORC 2744.03(A)(6)
Defendant is obligated and mandated to follow the rules and regulations of the ORC 912.03 when cutting trees on private property. ORC 2744.02(A)(1)(B) sections 2744.03 and ORC 2744.05
number 5.
 {¶ 4} We observe that in addition to addressing R.C.2744.02(A)(1), which was the basis for the trial court's grant of summary judgment, appellant's stated assignment of error also purports to address three other issues: whether appellee followed Columbus City Code § 912.03, which relates to situations in which trees constitute "a hazard or menace to the safe movement or control of traffic"; R.C. 2744.03(A)(6), which relates to blanket immunity afforded to individual employees of political subdivisions; and R.C. 2744.05, which places limitations on damages recoverable against a political subdivision for injuries to persons or property. However, none of these three statutes is relevant.
 {¶ 5} Columbus City Code § 912.03 is inapplicable because the tree pruning was performed not due to any alleged traffic obstruction but as a result of appellee's forestry crew's determination that the tree limbs encroached upon the sidewalk.
(Affidavit of John D. Low, 2.) Section 2744.03(A)(6) does not apply to this case because appellant has sued only appellee, not any of its individual employees. Finally, because the trial court did not award appellant any damages, the damage limitation provisions found in R.C. 2744.05 are inapplicable. Accordingly, we will address the remaining issue addressed by appellant's assignment of error, to wit: whether the trial court erred in granting summary judgment in favor of appellee on the grounds that appellee enjoys immunity from liability pursuant to R.C.2744.02(A)(1).
 {¶ 6} We begin by recalling the standard of review applicable in an appeal from a grant of summary judgment. We review the trial court's grant of summary judgment de novo. Coventry Twp.v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels. Bd.
(1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. We construe the facts gleaned from the record in a light most favorable to appellant, as is appropriate on review of a summary judgment. We review questions of law de novo. Nationwide Mut. Fire Ins. Co.v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 7} The court of common pleas determined that summary judgment was warranted because appellee enjoys immunity from liability in damages in a civil action for loss to property allegedly caused by any act or omission in connection with a governmental function. R.C. 2744.02(A)(1). Pursuant to R.C.2744.01(C)(2)(e), the term "governmental function" includes the maintenance and repair of sidewalks. The court went on to determine that none of the five exceptions to political subdivision immunity, enumerated in R.C. 2744.02(B), applied based on the allegations and evidence adduced. Finally, the court determined that appellee is immune from liability for its forestry crew's acts notwithstanding the fact that appellant alleged that the acts were done with malice.
 {¶ 8} In support of his assignment of error appellant directs our attention to the case of Oglesby v. City of Columbus,
10th Dist. No. 01AP-1289, 2002-Ohio-3784, and argues that the trial court erred when it failed to find that liability may be imposed pursuant to R.C. 2744.02(B)(5). We disagree.
 {¶ 9} First, Ogelsby is inapposite because the assignment of error in that case involved the issue whether a city employee's former supervisor was immune from liability for the employee's intentional infliction of emotional distress claim brought against the supervisor personally, a claim to which R.C. 2744.03 — not 2744.02 — would apply.
 {¶ 10} Second, R.C. 2744.02(B)(5) removes the general presumption of immunity for political subdivisions when the loss is allegedly caused by an act or omission of the political subdivision in connection with a governmental function and "when civil liability is expressly imposed upon the political subdivision by a section of the [Ohio] Revised Code." We are unaware of, and appellant has failed to identify, any section of the Ohio Revised Code that expressly imposes upon political subdivisions liability for loss to property occasioned by any act or omission in connection with the removal of tree limbs from a public right-of-way such as a sidewalk.
 {¶ 11} Finally, though appellant does not expressly argue that the trial court erred in this regard, we note that the trial court was correct when it found that appellee's immunity bars appellant's cause of action even though he alleges intentional conduct. Because R.C. 2744.02(B) contains no specific exception for intentional torts, Ohio courts have consistently held that political subdivisions are immune from intentional tort claims. See, e.g., Wilson v. Stark Cty. Dept. of Human Sers. (1994),70 Ohio St.3d 450, 639 N.E.2d 105 (claims for fraud and intentional infliction of emotional distress); Farra v. Dayton (1989),62 Ohio App.3d 487, 576 N.E.2d 807 (claim for intentional interference with business interests); Monesky v. Wadsworth
(Apr. 3, 1996), 9th Dist. No. 2478-M, (claims for trespass and demolition of a building); Ellithorp v. Barberton CitySchool Dist. Bd. of Educ. (July 9, 1997), 9th Dist. No. 18029 (claim for employer intentional tort).
 {¶ 12} It is clear from the record that when appellee pruned the branches of appellant's trees, it was acting in connection with a governmental function; as such, appellee enjoys a statutory presumption of immunity from liability for any property damage caused thereby. Moreover, it is also clear that there is no genuine issue of material fact and reasonable minds can come to but one conclusion regarding whether any exception to immunity, pursuant to R.C. 2744.02(B), applies, and that conclusion is that no exception applies. Accordingly, appellee was entitled to judgment as a matter of law and the trial court did not err in granting it. Appellant has persuaded this court that he has unquestionably suffered a loss; however, the law is clear that appellee is immune from liability for damages flowing from that loss.
 {¶ 13} For the foregoing reasons, appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.