[Cite as *Ceasor v. East Cleveland*, 2018-Ohio-2741.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106544**

**LATOYA CEASOR, INDIVIDUALLY AND AS ADMINISTRATRIX**

PLAINTIFF-APPELLEE

vs.

**CITY OF EAST CLEVELAND, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-858916

**BEFORE:** McCormack, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

**ATTORNEY FOR APPELLANTS**

Willa M. Hemmons
Law Director
City of East Cleveland
14340 Euclid Avenue
East Cleveland, OH 44112


**ATTORNEYS FOR APPELLEE**

Michael D. Goldstein
Joseph N. Cindric
Goldstein & Goldstein Co., L.P.A.
55 Public Square, Suite 2075
Cleveland, OH 44113

TIM McCORMACK, P.J.:

**{¶1}** Defendants-appellants, the city of East Cleveland ("the city") and East Cleveland patrol officer Kyle Pettus ("Pettus"), appeal from the trial court's denial of their motion for summary judgment. For the reasons that follow, we affirm and remand.

**Procedural and Substantive History**

**{¶2}** This appeal stems from a wrongful death action instituted against the city of East Cleveland. The following factual summary is based on the Ohio State Highway Patrol Reconstruction Report. Both parties relied on this report in their filings before the trial court.

**{¶3}** On October 3, 2015, at approximately 9:30 p.m., 22-year-old Christopher Kimble ("Kimble") was in a crosswalk when Pettus struck and killed him. Pettus was driving a police cruiser with one nonfunctioning headlight. Additionally, the cruiser's lights and sirens were not activated. The speed limit for the area of the incident, the intersection of Superior Avenue and Emily Street in East Cleveland, was 25 miles per hour. At the time of the accident, Pettus was traveling eastbound on Superior Avenue at a speed of approximately 35 to 40 miles per hour. At the time of the accident, the painted crosswalks at the intersection were worn out and not visible. Further, the crosswalk signs were inoperable. Superior Avenue had flashing yellow lights, and Emily Street had flashing red lights. The roadway was dark, and the nearby overhead street lights were inoperable.

**{¶4}** On February 12, 2016, plaintiff-appellee Latoya Ceasor ("Ceasor") filed a complaint against the city and Pettus in the Cuyahoga County Court of Common Pleas. Ceasor is the decedent Kimble's mother and the duly appointed administrator of his estate.

{¶5} The complaint alleged that Pettus's operation of the police cruiser that struck Kimble constituted negligent, reckless, willful, and/or wanton misconduct. These allegations were based on Pettus's driving at an excessive rate of speed through an intersection known to be heavily populated by pedestrians, traveling at an excessive rate of speed without implementing his sirens or emergency lights, operating the vehicle with only one working headlight at night, and failing to keep proper lookout.

{¶6} The complaint further alleged that the city was negligent in failing to properly maintain or design the intersection, failing to properly maintain its police motor vehicles and property, and failing to properly train its officers.

{¶7} The complaint also specifically alleged that the city was vicariously liable for Pettus's actions and that Pettus was liable pursuant to the exception to political subdivision immunity codified in R.C. 2744.03(A)(6)(b). Finally, Ceasor alleged that the city and/or Pettus were liable for spoliation for intentionally and/or negligently destroying or failing to record and preserve body camera evidence.

{¶8} On February 26, 2016, the city and Pettus (collectively, "defendants") filed a joint answer.

{¶9} On August 28, 2017, defendants filed a motion for summary judgment and a motion to dismiss pursuant to Civ.R. 56, arguing that none of the exceptions to sovereign immunity in R.C. 2744.02(B) apply to this case, and that Ceasor failed to present evidence sufficient to create a genuine issue of material fact.

{¶10} On September 26, 2017, Ceasor filed a memorandum in opposition to defendants' motion for summary judgment.

**{¶11}** On October 4, 2017, defendants filed a motion to strike the expert report attached to Ceasor's September 26 memorandum in opposition to summary judgment. The report in question was a crash reconstruction report prepared by Ohio State Highway Patrol Lieutenant John C. Thorne and was attached to defendants' motion for summary judgment. On October 6, 2017, defendants filed a reply brief in support of their motion for summary judgment.

**{¶12}** The city appeals from the trial court's denial of its motion for summary judgment, presenting the following four assignments of error for our review:

> I. In the absence of any genuine issue of material fact the trial court's denial of defendants'/appellants' motion for summary judgment asserting entitlement to R.C. [Chapter] 2744 immunity constituted reversible error.
>
> II. The trial court erred to the prejudice of defendants/appellants in failing to strike plaintiffs' expert report.
>
> III. Absent an expert opinion on the issues of proximate causation and culpability Ms. Ceasor was incapable of defeating the city defendants' entitlement to immunity; and accordingly this court should find that summary judgment in favor of the city defendants was warranted.
>
> IV. In the absence of any genuine issue of material fact, the trial court's denial of [defendants'/appellants'] motion for summary judgment on [plaintiff's] claim of spoliation constituted reversible error.

## Law and Analysis

## I. Jurisdiction

**{¶13}** We must, as an initial matter, address jurisdiction. In general, an order denying a motion for summary judgment is not a final, appealable order. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24, 222 N.E.2d 312 (1966). However, "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that

order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Id.* at ¶ 27.

{¶14} Our jurisdiction in this case is limited to the review of alleged errors in the portion of the trial court's decision that denied the city the benefit of immunity. *Reinhold v. Univ. Hts.*, 8th Dist. Cuyahoga No. 100270, 2014-Ohio-1837, ¶ 21, citing *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 20. This jurisdictional limitation includes a denial of summary judgment based on proximate causation, as whether immunity applied is a separate and distinct inquiry from whether conduct is a proximate cause of harm. *Gates v. Leonbruno*, 2016-Ohio-5627, 70 N.E.3d 1110, ¶ 30 (8th Dist.), citing *Hardesty v. Alcantara*, 2015-Ohio-4591, 48 N.E.3d 127 (8th Dist.). Therefore, we decline to consider the arguments raised in the third and fourth assignments of error, relating to the merits of Ceasor's negligence and spoliation claims, because they do not pertain to the issue of immunity and are thus not yet ripe for review. *Id.* at 47.

## II. Immunity

{¶15} A trial court's summary judgment determination is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). This court independently reviews the record to determine whether summary judgment is appropriate. Summary judgment is appropriate when "(1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the nonmoving party." *Hull v. Sawchyn*, 154 Ohio App.3d 193, 196, 762 N.E.2d 416 (8th Dist.2001).

{¶16} On a motion for summary judgment, the moving party carries the initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. *Id*. at 283. If the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id*. If the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id*.

{¶17} In its first assignment of error, the city argues that summary judgment was inappropriate because it was entitled to immunity and Ceasor failed to expressly contest that in her opposition to its motion for summary judgment.

{¶18} To determine whether a political subdivision is immune from liability, courts employ a three-tiered analysis pursuant to R.C. Chapter 2744. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 733 N.E.2d 1141 (2000). The first tier of the analysis is the general rule that political subdivisions are immune from liability incurred in performing governmental or proprietary functions. *Id*. The first tier is not at issue here. "Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply." *Id*. If any of these exceptions apply, and no defense in R.C. 2744.02(B) applies to protect the political subdivision from liability, we turn to the third tier of analysis. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9. The third tier requires a court to determine "whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." *Id*.

**{¶19}** In arguing that it was entitled to immunity, the city asserted that none of the exceptions to immunity apply in this case. This assertion was accompanied by a recitation of several of the relevant exceptions but was unsupported by law or facts from the case. According to the city, because none of the exceptions to immunity apply, it is unnecessary to engage in the third tier of the analysis. In response, Ceasor argues that R.C. 2744.02(B)(1) provides an exception to the city's general grant of immunity. That section states:

> [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

**{¶20}** R.C. 2744.02(B)(1)(a) provides that where "[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct," that constitutes a full defense to liability. A further exception to immunity can be found in R.C. 2744.03(A)(6)(b), which provides that an employee will not be immune from liability where "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." Ceasor argues that defendants are not entitled to immunity because of Pettus's negligent operation of a motor vehicle, pursuant to R.C. 2744.02(B)(1). The city asserts that Pettus was responding to an emergency call when the fatal accident occurred. We note that the city implicitly asserts that Pettus was not negligent, and therefore it does not expressly argue that his responding to an emergency call operates as a full defense to liability pursuant to R.C. 2744.02(B)(1)(a). Even if it did, though, Ceasor argues that this cannot operate as a full defense because Pettus acted in a "wanton or reckless manner" pursuant to R.C. 2744.03(A)(6)(b).

**{¶21}** We find the city's unsupported assertions insufficient for summary judgment purposes. A party moving for summary judgment must affirmatively establish that the nonmoving party's claims lack support by pointing to evidence in the form of pleadings, depositions, answers to interrogatories, written admissions, or affidavits. Civ.R. 56(C). While the city appended several documents to its motion for summary judgment, at no point has it pointed to any evidence that support its entitlement to immunity. We agree with the trial court that there are genuine issues of material fact as to whether Pettus was engaged in "willful or wanton misconduct" or acted in a "wanton or reckless manner." Because the issue of whether an employee acted in a wanton or reckless manner under R.C. 2744.03(A)(6)(b) is typically a question of fact for the jury, a trial court may not grant summary judgment on the basis of R.C. 2744.03(A)(6) immunity unless reasonable minds could only conclude that the employee did not act in a wanton or reckless manner. *Chavalia v. Cleveland*, 2017-Ohio-1048, 87 N.E.3d 705, ¶ 33 (8th Dist.).

**{¶22}** "Wanton misconduct is the failure to exercise any care toward those whom a duty of care is owed in circumstances in which there is a great probability that harm will result." *Id.* at ¶ 34, citing *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266. "Reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* Here, Pettus was speeding through a dark intersection known to be frequently populated with pedestrians in a vehicle with one working headlight. His own testimony establishes that his visibility was significantly compromised and that he had not activated his overhead lights or sirens. This evidence is sufficient to create a genuine issue of

material fact as to the city's entitlement to immunity. Therefore, the city's first assignment of error is overruled.

### III. Motion to Strike

{¶23} In its second assignment of error, the city argues that the trial court failed to strike Ceasor's expert report. This assignment of error is meritless. We review a trial court's decision to grant or deny a motion to strike for abuse of discretion. "The trial court has broad discretion in the admission of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Joseph*, 73 Ohio St.3d 450, 460, 653 N.E.2d 285 (1995), citing *State v. Maurer*, 15 Ohio St.3d 239, 239, 473 N.E.2d 768 (1984). An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Here, the city filed a motion to strike the crash reconstruction report that Ceasor attached to her opposition to the city's motion for summary judgment. This report had previously been attached to the city's motion for summary judgment. The city does not argue that the report is not proper Civ.R. 56 evidence. Instead, in support of this motion, the city argued that it was untimely filed and therefore failed to comply with Loc.R. 21.1(B) of the Court of Common Pleas of Cuyahoga County, General Division. Because the motion was properly before the trial court as Civ.R. 56 evidence for summary judgment purposes, we cannot conclude that the trial court abused its discretion in denying the city's motion to strike.

{¶24} For these reasons, we affirm the judgment of the trial court and remand for further proceedings.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR