[Cite as *Mohammad v. Seven Hills*, 2025-Ohio-4673.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MALIK A. MOHAMMAD, ET AL.,              :

    Plaintiffs-Appellees,              :

                       No. 114754

    v.                                 :

CITY OF SEVEN HILLS, ET AL.,           :

    Defendants-Appellants.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 9, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-103352

---

### *Appearances:*

The Elkhatib Law Office and Issa Elkhatib; Vargas Law
Co., LPA and Shaleika Vargas, *for appellee.*

Mazanec, Raskin & Ryder Co., L.P.A, Frank H. Scialdone,
John D. Pinzone, and  Jillian Eckart, *for appellant.*

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant City of Seven Hills ("Seven Hills") appeals the trial court's denial of its motion to dismiss plaintiff-appellee Malik Mohammad's ("Mohammad") claims for wrongful prosecution, intentional infliction of emotional distress, and respondeat superior liability against Seven Hills.  We

reverse the trial court's decision and remand for proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶2} On May 12, 2022, Mohammad and his wife, Ausrah, took their nieces to a park in Seven Hills.  Mohammad and Ausrah purchased candy and snacks, some were left over after their visit.  Mohammad and Ausrah offered the remaining snacks to other children in the park, and one of the children misinterpreted the gesture as Mohammad trying to abduct them and their friends. Seven Hills police were called and dispatched to the park.

{¶3} Upon their arrival, the police arrested Mohammad and Ausrah without a thorough investigation into their actions at the park.  Seven Hills indicted Mohammad and Ausrah and charged them with criminal child enticement, a violation of R.C. 2905.05(A).  After Mohammad and Ausrah's arrest, Seven Hills released details to the media.  The case was later dismissed for lack of probable cause.

{¶4} On October 12, 2023, Mohammad filed a complaint against Seven Hills for various tort claims.  On April 30, 2024, Mohammad filed a notice of voluntary dismissal without prejudice, and on the same day, the trial court dismissed the case without prejudice.  On September 6, 2024, Mohammad and Ausrah filed a complaint against Seven Hills and the Seven Hill Police Department for wrongful arrest, wrongful prosecution, defamation, intentional infliction of emotional distress, respondeat superior, and vicarious liability.  On November 7, 2024, Seven

Hills filed a motion to dismiss, and on December 2, 2024, Mohammad and Ausrah filed an opposition to Seven Hills's motion to dismiss. On January 9, 2025, the trial court granted Seven Hills's motion to dismiss, in part, and denied in part, stating:

> Motion to dismiss of Defendants, filed 11/07/2024, is granted and denied in part. Defendants' motion is granted as to Plaintiffs' claims for wrongful arrest and defamation. Wrongful arrest claims and defamation claims are subject to a one-year statute of limitations. The statute of limitations begins to run on the date of the arrest. Plaintiffs' complaint alleges that Plaintiffs were arrested on May 12, 2022. Plaintiffs' complaint alleges that an article containing allegedly defamatory statements was published on May 17, 2022. Plaintiffs' initial complaint was filed on October 12, 2023. Therefore, Plaintiffs' claims for wrongful arrest and defamation fail as a matter of law.
>
> Plaintiff Ausrah Ali Mohammad's claims fail as a matter of law because Ausrah Ali Mohammad was not named as a plaintiff in the original complaint and her claims are now barred by the one-year or two-year applicable statute of limitations. Plaintiffs' claims against Defendant Seven Hills Police Department fail because police departments cannot be sued as a separate entity. Therefore, Plaintiffs' claims against Seven Hills Police Department are dismissed. Defendant's motion to dismiss is denied as to the Plaintiff Malik Mohammad's claims for wrongful prosecution, intentional infliction of emotional distress, and respondeat liability against Defendant the City of Seven Hills.

Journal Entry 190741662 (Jan. 9, 2025).

**{¶5}** Seven Hills filed this appeal assigning one error for our review:

The lower court erred in denying the appellant City of Seven Hills's motion to dismiss because the city is immune.

## II. Jurisdiction

**{¶6}** R.C. 2744.02(C) provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from

liability as provided in this chapter or any other provision of the law is a final order."

{¶7} "While we are authorized to review the trial court's decision, the scope of that review is limited." *Garmback v. Cleveland,* 2022-Ohio-1490, ¶ 12 (8th Dist.), quoting *Ceasor v. E. Cleveland,* 2018-Ohio-2741, ¶ 14 (8th Dist.). "We may only examine 'alleged errors in the portion of the trial court's decision that denied the benefit of immunity.'" (Cleaned up.) *Id.*, quoting *id.*

## III. Political-Subdivision Immunity

### A. Standard of Review

{¶8} Seven Hills filed its motion to dismiss under Civ.R. 12(B)(6). "We conduct a de novo review when considering a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted." (Cleaned up.) *Bykova v. Cleveland*, 2025-Ohio-3285, ¶ 12 (8th Dist.), citing *Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 15 (8th Dist.). "Therefore, we independently review the record and afford no deference to the decision of the trial court." *Id.*, citing *id.*

{¶9} "Determining whether a political subdivision is immune from tort liability involves a three-step analysis." *Powell v. Cleveland*, 2022-Ohio-4286, ¶ 10 (8th Dist.), citing *Elston v. Howland Local Schools*, 2007-Ohio-2070, ¶ 10. R.C. 2744.02(A)(1) sets forth the general immunity applicable to political subdivisions. It provides that "a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while

performing governmental or proprietary functions." R.C. 2744.02(A)(1). Then the burden is on the plaintiff to overcome this statutory immunity by showing that one of the five exceptions contained in R.C. 2744.02(B) applies. *Powell* at ¶ 10. "If a plaintiff demonstrates that one of the five enumerated exceptions to political subdivision immunity applies, then the final step permits the political subdivision to then assert one of the defenses set forth in R.C. 2744.03(A) to revive or reinstate its immunity." *Id.*

## B.    Law and Analysis

{¶10} Seven Hills argues that they are entitled to the benefit of immunity under R.C. 2744.02 without exception and that none of the exceptions to immunity apply to Mohammad's complaints of wrongful prosecution, intentional infliction of emotional distress, and respondeat superior. According to R.C. 2744.02(A)(1), "a political subdivision is generally not liable in a civil action for injury, death, or loss to person or property incurred while performing governmental or proprietary functions."

{¶11} A governmental function, as defined by R.C. 2744.01(C)(1) is as follows:

> (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
>
> (b) A function that is for the common good of all citizens of the state;
>
> (c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is

not specified in division (G)(2) of this section as a proprietary function.

{¶12} Additionally, R.C. 2744.01(C)(2)(a) states in part: "A 'governmental function' includes, [t]he provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection." "The operation of a police department is a governmental function for which the city is immune." *McKee v. McCann*, 2017-Ohio-7181, ¶ 45 (8th Dist.).

{¶13} R.C. 2744.01(G)(1) and (2) defines proprietary functions as follows:

(1) "Proprietary function" means a function of a political subdivision that is specified in division (G)(2) of this section or that satisfies both of the following:

>    (a) The function is not one described in division (C)(1)(a) or (b) of this section and is not one specified in division (C)(2) of this section;

>    (b) The function is one that promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.

(2) A "proprietary function" includes, but is not limited to, the following:

>    (a) The operation of a hospital by one or more political subdivisions;

>    (b) The design, construction, reconstruction, renovation, repair, maintenance, and operation of a public cemetery other than a township cemetery;

>    (c) The establishment, maintenance, and operation of a utility, including, but not limited to, a light, gas, power, or heat plant, a railroad, a busline or other transit company, an airport, and a municipal corporation water supply system;

(d) The maintenance, destruction, operation, and upkeep of a sewer system;

(e) The operation and control of a public stadium, auditorium, civic or social center, exhibition hall, arts and crafts center, band or orchestra, or off-street parking facility.

{¶14} Therefore, we initially find that the city is immune from liability under R.C. 2744.02(A)(1) unless one of the five exceptions contained in R.C. 2744.02(B) applies. The five exceptions to a political subdivision's governmental immunity are as follows: (1) the negligent operation of a motor vehicle by an employee; (2) the employee's negligent performance of proprietary functions; (3) the negligent failure to keep public roads open and in repair; (4) the negligence of employees occurring within or on the grounds of buildings used in connection with the performance of governmental functions; or (5) express imposition of liability by statute. *See* R.C. 2744.03(B)(1)-(5).

{¶15} Mohammad argues Seven Hills engaged in extreme and outrageous conduct that was reckless and negligent when they failed to investigate the claims made by the children. He further contends that as a result of the Seven Hills police department's failure to investigate, Seven Hills maliciously prosecuted Mohammad and intentionally inflicted emotional distress. Thus, Seven Hills, under the doctrine of vicarious liability and respondeat superior, is liable and negligent for the malicious prosecution and emotional distress suffered by Mohammad.

{¶16} Mohammad contends that R.C. 2744.02(B)(2) is the exception that applies. That provision states:

Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

{¶17} Mohammad argues that the police were not performing a governmental function, but a proprietary function, because a failure to investigate does not fall within the definition of a governmental function under R.C. 2744.01(C). "'This court has recognized that in limited circumstances police action that begins as a governmental function may transform into a proprietary function as the action progresses.'" *GMAC v. Cleveland*, 2010-Ohio-79, ¶11 (8th Dist.), quoting *Bader v. Cleveland*, 1982 Ohio App. LEXIS 12121 (8th Dist. Feb. 18, 1982).

{¶18} In this case, however, the police were acting within their scope of employment as police officers when they intentionally detained Mohammad. "[O]fficers engaging in the detention and arrest of individuals are engaged in a governmental function." *Pisoni v. McCord*, 2018-Ohio-64, ¶ 38 (5th Dist.). Thus, the police are immune from liability unless Mohammad can show they acted maliciously, in bad faith, or in a wanton or reckless manner. *Id.*

{¶19} "[A] police officer is under an affirmative duty to investigate and arrest a suspect upon reasonable cause to believe that an offense of violence, i.e., a

robbery, or a theft offense has been committed." *State v. Hilliard*, 1994 Ohio App. LEXIS 4192, *20 (8th Dist. Sept. 22, 1994). *See, e.g., Moore v. Cleveland*, 2017-Ohio-1156, ¶ 27 (8th Dist.) ("[I]t is well recognized that law enforcement officers have a duty to investigate criminal conduct and to develop and maintain evidence of a crime").

{¶20} "[A]n employee of a political subdivision is immune from liability unless the employee's 'acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.'" *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 7, quoting R.C. 2744.03(A)(6)(b). "This standard applies to law-enforcement officers just as it applies to other employees of political subdivisions." *Id.*; *See also Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356 (1994).

{¶21} The Ohio Supreme Court has defined the terms "wanton misconduct" and "reckless conduct" as follows:

> "This court has defined 'wanton misconduct' as 'the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result.' (Emphasis added.) *Anderson v. City of Massillon*, 2012-Ohio-5711, at paragraph three of the syllabus. And we have defined 'reckless conduct' as conduct 'characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct.' *Id.* at paragraph four of the syllabus. *These are rigorous standards that will in most circumstances be difficult to establish * * * .*"

(Emphasis added.) *Moore* at ¶ 15, quoting *Argabrite* at ¶ 8.

{¶22} "With R.C. 2744.03(A)(6)(b), the General Assembly 'expressly removed immunity from employees of a political subdivision for wanton or reckless conduct.'" *Argabrite* at ¶ 12, quoting *Anderson v. Massillon*, 2012-Ohio-5711, ¶ 23. While this court may have decided that immunity was removed from the police officers for the wrongful arrest of Mohammad, that claim was dismissed by the trial court because Mohammad filed his claim after the one-year statute of limitations. We, however, are bound to address the remaining claims of wrongful prosecution and intentional infliction of emotional distress and whether Seven Hills is vicariously liable.

{¶23} In Seven Hills's motion to dismiss, the city argued, with regard to Mohammad's remaining claims, that they were entitled to immunity on all claims because none of the exceptions in R.C. 2744.02(B) apply. "Ohio courts have generally found that political subdivisions are immune from liability on malicious prosecution and other intentional tort claims." *Matusz v. Village of Peninsula*, Summit C.P. No. CV-2018-01-0221, 2018 Ohio Misc. LEXIS 3186, *4 (Apr. 3, 2018). *See, e.g., Harris v. Sutton*, 2009-Ohio-4033, ¶39 (8th Dist.); *Thayer v. W. Carrollton Bd. of Edn.*, 2004-Ohio-3921, ¶14 (2d Dist.); *Featherstone v. Columbus*, 2006-Ohio-3150 (10th Dist.). *See also Garmback v. Cleveland*, 2022-Ohio-1490, ¶ 44 (8th Dist.) (Political subdivisions are immune from intentional torts under R.C. 2744.02, including intentional infliction of emotional distress.).

**{¶24}** "In the third tier of the analysis we must determine whether an R.C. 2744.03 defense applies to reinstate immunity." *Harris* at ¶ 16, citing *Pylypiv v. Parma*, 2005-Ohio-6364, ¶ 16 (8th Dist.). "However, this analysis is only necessary when a plaintiff has shown that a specific exception to immunity under R.C. 2744.02(B) applies." *Id.*, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 32 (1998); *Ziegler v. Mahoning Cty. Sheriff's Dept.*, 137 Ohio App.3d 831, 836 (7th Dist. 2000). Here, Mohammad has not demonstrated that an exception to immunity exists; therefore, it is unnecessary to address the statutory defenses available to reinstate sovereign immunity. *See id.*

**{¶25}** Mohammad also argues that under the doctrines of vicarious liability and respondeat superior, Seven Hills is responsible for the actions of the police officers. "A political subdivision may not be held liable under a theory of respondeat superior unless one of the exceptions to the sovereign immunity listed in R.C. 2744.02(B) applies." (Cleaned up.) *Garmback* at ¶ 44. As we have established that none of the exceptions in R.C. 2744.02(B) apply to Mohammad's claims, his respondeat-superior claim must fail.

**{¶26}** Therefore, the trial court erred when it failed to grant Seven Hills's motion to dismiss, and its sole assignment of error is sustained.

**{¶27}** Judgment reversed and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR